Jordon Harlan, Esq. (CA #273978)
**HARLAN LAW, P.C.**
2404 Broadway, 2nd Floor
San Diego, CA 92102
Telephone: (619) 870-0802
Fax: (619) 870-0815
Email: jordon@harlanpc.com

Kenneth W. Pearson, Esq. (MN #016088X)
*Pro Hac Vice to be filed*
Adam J. Kress, Esq. (MN #0397289)
*Pro Hac Vice to be filed*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: kpearson@johnsonbecker.com
Email: akress@johnsonbecker.com

*Attorneys for Plaintiff Rosalina Drayton*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROSALINA DRAYTON, an individual,**<br><br>Plaintiff,<br><br>v.<br><br>**INSTANT BRANDS, INC.,** a Canadian Corporation,<br><br>**Defendant.** | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. Strict Products Liability<br><br>2. Negligent Products Liability<br><br>3. Breach of Express Warranty<br><br>4. Breach of Implied Warranty of Merchantability<br><br>5. Breach of Implied Warranty of Fitness for a Particular Purpose |

1
**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **ROSALINA DRAYTON** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **HARLAN LAW, P.C**., hereby submits the following Complaint and Demand for Jury Trial against Defendant **INSTANT BRANDS, INC**. (hereafter referred to as "Defendant Instant Brands" or "Defendant**"**) alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. Defendant Instant Brands designs, manufactures, markets, imports, distributes and sells a wide-range of consumer kitchen products, including the subject "Instant Pot Programmable Electric Pressure Cooker," which specifically includes the Model Number IP-DUO60 (referred to hereafter as "pressure cooker(s)") that is at issue in this case.

2. Defendant touts the "safety"[1] of its pressure cookers, and states that they cannot be opened while in use. Despite Defendant's claims of "safety," it designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3. Specifically, said defects manifest themselves when, despite Defendant's statements, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, its families and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages.

---

[1] *See*, e.g. Instant Pot IP-DUO60/80 Owner's manual, pgs. 4, 5 8. A copy of the Owner's manual is attached hereto as "Exhibit A".

4. Defendant knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

5. Defendant ignored and/or concealed its knowledge of these defects in its pressure cookers from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said pressure cookers.

6. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

## **PLAINTIFF ROSALINA DRAYTON**

7. Plaintiff is a resident and citizen of the city of Los Angeles, County of Los Angeles, State of California.

8. On or about March 12, 2020 Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the Pressure Cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety mechanisms,"[2] which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

---

[2] *Id.* at pg. 5.

3
**COMPLAINT AND DEMAND FOR JURY TRIAL**

# DEFENDANT INSTANT BRANDS, INC.

9. Defendant designs, manufactures, markets, imports, distributes and sell a variety of consumer kitchen products including pressure cookers, air fryers, and blenders, amongst others.

10. Defendant boasts that "[t]he Instant Pot line of products are truly tools for a new lifestyle and especially cater to the needs of health-minded individuals"[3] with its "main goal" to provide "best kitchen experience by offering unsurpassed user interface design and connected technologies."[4]

11. Defendant Instant Brands is a Canadian corporation with is principal place of business at 495 March Road, Suite 200, Kanata, ON, Canada K2K 3G1, and as such is deemed to be a citizen of the Country of Canada.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

14. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of California and has intentionally availed itself of the markets within California through the promotion, sale, marketing, and distribution of its products.

---

[3] *See* https://instantpot.com/about-instant-brands-inc-instant-pot/

[4] *Id.*

# FACTUAL BACKGROUND

15. Defendant is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cooker at issue in this litigation.

16. Defendant aggressively warrants, markets, advertises and sells its pressure cookers as "Convenient, Dependable and Safe,"[5] allowing consumers to cook "healthy, tasty dishes."[6]

17. For instance, the Defendant claims that its pressure cookers include a "safety feature to disable the cooker" and display light that "flashes 'Lid' if the lid is not positioned correctly." [7]

18. To further propagate its message, Defendant has, and continues to utilize numerous media outlets including, but not limited to, infomercials, social media websites such as YouTube, and third-party retailers. For example, the following can be found on Defendant's YouTube webpage entitled "Getting to Know Your New Instant Pot IP-DUO":

   a. "The first thing you need to know about your IP-DUO is **that you don't need to be afraid of it**, as many people are afraid of stovetop pressure cookers."[8]

   b. "With 10 safety features built in, you can use your Instant Pot with confidence, **knowing that it is not going to explode**." [9]

---

[5] *See* https://instantpot.com/portfolio-item/lux-6-quart/#tab-id-1

[6] *Id.*

[7] Instant Pot IP-LUX50/60 Owner's manual, pg. 10,

[8] https://www.youtube.com/watch?v=w1RKj9E8TY0 (video with a runtime of 11:26) at 0:42 – 0:46

[9] *Id.* at 0:47 – 0:55.

5
**COMPLAINT AND DEMAND FOR JURY TRIAL**

      c. "In addition, keep in mind that your Instant Pot operates at relatively low pressures of 11 to 12 psi or lower, depending on the pressure setting that you use." [10]

19. In a similar video entitled "Introducing Instant Pot IP-DUO series electric pressure cooker," spokesperson Laura Pazzaglia, founder of the website "Hip Pressure Cooking"[11] boasts of the pressure cookers "10 safety features,"[12] stating that this "new model detects the position of the lid"[13] and " once the lid is locked, and the contents are under pressure, there's no way to open the pressure cooker."[14]

20. According to the Owner's Manual accompanying each individual unit sold, the pressure cookers purport to be designed with "10 proven safety mechanisms and patented technologies,"[15] misleading the consumer into believing that the pressure cookers are reasonably safe for its normal, intended use.

21. By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

22. Plaintiff used her pressure cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by the Defendant.

23. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendant in that it failed to properly function as to prevent the lid from being removed with normal force while the unit

---

[10] *Id.* 0:56 – 1:08. This apparently suggests that even if the lid is opened while the unit is still pressurized, it will not harm you.

[11] *See* https://www.hippressurecooking.com/

[12] *See* https://www.youtube.com/watch?v=bVA2EqPf0s0 at 1:22 – 143.

[13] *Id.* at 2:26

[14] *Id.* at 6:40

[15] *See* Instant Pot IP-DUO60/80 V2 Owner's Manual, pg. 4.

remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

24. Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

25. Further, Defendant's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

26. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

27. Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of its pressure cookers.

28. As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

29. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

# FIRST CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY

PLAINTIFF, FOR A FIRST CAUSE OF ACTION AGANST INSTANT BRANDS, INC., ALLEGES AS FOLLOWS:

30. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

31. At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

32. Defendant's pressure cookers were in the same or substantially similar condition as when they left the possession of the Defendant.

33. Plaintiff and her family did not misuse or materially alter the pressure cooker.

34. The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

35. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

    a. The pressure cookers designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

    b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

    c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

d. Defendant failed to warn and place adequate warnings and instructions on the pressure cookers;

e. Defendant failed to adequately test the pressure cookers; and

f. Defendant failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

36. At the time of Plaintiff's injuries, Defendants' pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

37. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## SECOND CAUSE OF ACTION

## NEGLIGENT PRODUCTS LIABILITY

PLAINTIFF, FOR A SECOND CAUSE OF ACTION AGANST INSTANT BRANDS, INC., ALLEGES AS FOLLOWS:

38. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

39. Defendant had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for its intended uses by consumers, such as Plaintiff and her family.

40. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale

9
**COMPLAINT AND DEMAND FOR JURY TRIAL**

and marketing of its pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

41. Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, it:

    a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

    b. Placed an unsafe product into the stream of commerce;

    c. Aggressively over-promoted and marketed its pressure cookers through television, social media, and other advertising outlets; and

    d. Were otherwise careless or negligent.

42. Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant continued to market (and continue to do so) its pressure cookers to the general public.

**WHEREFORE,** Plaintiff demands judgment against Defendant for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered**.**

### THIRD CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTY

PLAINTIFF, FOR A THIRD CAUSE OF ACTION AGANST INSTANT BRANDS, INC., ALLEGES AS FOLLOWS:

43. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

44. Defendant expressly warranted that its pressure cookers were safe and effective to members of the consuming public, including Plaintiff and her family.

Moreover, Defendant expressly warranted that the lid of the Pressure Cooker could not be removed while the unit remained pressurized. Specifically:

    a. "As a safety feature, the lid is locked and won't open until the float valve drops down."[16]

    b. "Instant Pot® has a safety feature to disable the cooker and the display will flash "Lid" if the lid is not positioned correctly."[17]

    c. "Once the lid is locked, and the contents are under pressure, there's no way to open the pressure cooker."[18]

45. Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

46. Defendant marketed, promoted and sold its pressure cookers as a safe product, complete with "safety measures."

47. Defendant's pressure cookers do not conform to these express representations because the lid can be removed using normal force while the units remain pressurized, despite the appearance that the pressure has been released, making the pressure cookers not safe for use by consumers.

48. Defendant breached its express warranties in one or more of the following ways:

    a. The pressure cookers as designed, manufactured, sold and/or supplied by the Defendant were defectively designed and placed into the stream of commerce by Defendant in a defective and unreasonably dangerous condition;

    b. Defendant failed to warn and/or place adequate warnings and instructions on its pressure cookers;

---

[16] *Id.* at pg. 9.
[17] *Id.* at 10.
[18] *See* https://www.youtube.com/watch?v=bVA2EqPf0s0 at 1:22 – 143.

  c. Defendant failed to adequately test its pressure cookers; and

  d. Defendant failed to provide timely and adequate post-marketing warnings and instructions after they knew the risk of injury from its pressure cookers.

49. Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

50. Plaintiff's injuries were the direct and proximate result of Defendant's breach of its express warranties.

**WHEREFORE,** Plaintiff demands judgment against Defendant for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## FOURTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

PLAINTIFF, FOR A FOURTH CAUSE OF ACTION AGANST INSTANT BRANDS, INC., ALLEGES AS FOLLOWS:

51. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

52. At the time Defendant marketed, distributed and sold its pressure cookers to the Plaintiff in this case, Defendant warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

53. Members of the consuming public, including consumers such as Plaintiff, were intended third-party beneficiaries of the warranty.

54. Plaintiff reasonably relied on Defendant's representations that its pressure cookers were a quick, effective and safe means of cooking.

55. Defendant's pressure cookers were not merchantable because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

56. Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

57. Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

**FIFTH CAUSE OF ACTION**

**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

PLAINTIFF, FOR A FIFTH CAUSE OF ACTION AGANST INSTANT BRANDS, INC., ALLEGES AS FOLLOWS:

58. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

59. Defendant manufactured, supplied, and sold its pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

60. Members of the consuming public, including consumers such as Plaintiff, were the intended third-party beneficiaries of the warranty.

61. Defendant's pressure cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with its use.

62. Plaintiff reasonably relied on Defendjant's representations that its pressure cookers were a quick, effective and safe means of cooking.

63. Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## INJURIES & DAMAGES

64. As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident on or about March 12, 2020. Plaintiff is entitled to recover damages from Defendants for these injuries in an amount which shall be proven at trial.

65.  As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendants in an amount to be proven at trial.

66. As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendants for her past, present and future medical and other expenses in an amount which shall be proven at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A. That Plaintiff has a trial by jury on all of the claims and issues;

B. That judgment be entered in favor of the Plaintiff and against Defendant on all of the aforementioned claims and issues;

C. That Plaintiff recover all damages against Defendant, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for her injuries and suffering sustained because of the use of the Defendants' defective pressure cooker;

D. That all costs be taxed against Defendant;

E. That prejudgment interest be awarded according to proof;

F. That Plaintiff be awarded attorney's fees to the extent permissible under Federal and California law; and

G. That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Dated: March 2, 2022

**HARLAN LAW, P.C**

*/s/ Jordon Harlan, Esq*.
Jordon Harlan, Esq. (CA #273978).
2404 Broadway, 2nd Floor
San Diego, CA 92102
Telephone: (619) 870-0802
Fax: (619) 870-0815
Email: jordon@harlanpc.com

*In association with*:

**JOHNSON BECKER, PLLC**

Kenneth W. Pearson, Esq.
(MN #016088X)

*Pro Hac Vice to be filed*
Adam J. Kress, Esq. (MN #0397289)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: kpearson@johnsonbecker.com
Email: akress@johnsonbecker.com

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all the claims asserted in this Complaint so triable.

**HARLAN LAW, P.C**

Dated: March 2, 2022

*/s/ Jordon Harlan, Esq.*
*Admitted Pro Hac Vice*