**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TREVOR J. INGOLD, SB# 193227
  E-Mail: Trevor.Ingold@lewisbrisbois.com
V. ALAN ARSHANSKY, SB# 251644
  E-Mail: Alan.Arshansky@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

NOTE: CHANGES MADE BY THE COURT

Attorneys for Defendant
INSTANT BRANDS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROSALINA DRAYTON, an individual, | Case No. 2:22-cv-1409-DSF-JPR |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | Judge: Hon. Dale S. Fischer |
| INSTANT BRANDS, INC., a Canadian Corporation, | Trial Date: October 17, 2023 |
| Defendant. | |

The parties, having reviewed and agreed to the contents herein, hereby agree to this Protective Order in regard to certain discovery material to be made available by Plaintiff Rosalina Drayton ("Plaintiff") and Defendant Instant Brands Inc. ("Defendant") (collectively the "Parties"), as described in more detail below.

<u>Good Cause Statement</u>

This Order is being entered into by the Parties with respect to discovery material in this matter which includes medical records, trade secrets, and confidential, technical, proprietary and non-public documents and information, the public disclosure of which could be detrimental to the interests of Plaintiff, Defendant, and/or related entities; documents which may contain information that is personal and confidential to third parties, including individuals; and documents and information

4893-0795-6294.2

subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation). The above-described documents and information, including electronically stored information, should be given the protection of an order of this Court to prevent irreparable harm through disclosure to persons other than those persons involved in the prosecution or defense of this litigation. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

THEREFORE, AGREEING THAT THE PROTECTIVE ORDER OUTWEIGH ANY COUNTERVAILING FACTORS AND FOR GOOD CAUSE SHOWN, THE PARTIES HEREBY AGREE that the following Protective Order shall govern discovery in the above-captioned matter, as follows:

1. **DEFINITIONS**

    1.1   "Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    1.2   "Confidential Information" means any information the disclosure of which could create a substantial risk of legal, regulatory, competitive, financial, privacy or other injury or violation. "Confidential Information" may include documents, testimony or tangible things that (a) contain trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) contain private or confidential personal information, or (c) contain information received in confidence from third parties, or (d) contain information the Producing Party believes in good faith to be entitled to protection. Documents or materials that concern, reflect, embody or constitute the foregoing may include, but shall not be limited to, trade secret, research, design, development, financial, technical, marketing, planning, personal, or commercial information in the form of

correspondence, memoranda, notes, plans, specifications, blueprints, drawings, test reports, test procedures, test manuals, photographs, motion pictures, accident reports, claims, videotapes, graphs, charts, financial and budget information, and deposition or trial transcripts and exhibits thereto.

  1.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

  1.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as Confidential Information.

  1.6 Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced in disclosures or responses to discovery in this matter.

  1.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

  1.8 House Counsel: attorneys who are employees of a Party to this action.

  1.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

  1.10 Outside Counsel of Record: attorneys who are retained to represent or advise a Party to this action, and who have appeared in this action on behalf of that Party, or are affiliated with a law firm which has appeared on behalf of that Party.

  1.11 Party: any party to this action, including all of its officers, directors, and employees.

  1.12 Producing Party: a Party or Non-Party that produces Discovery Material in this action.

  1.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium), and their employees and subcontractors.

1.14 Protected Material: any Discovery Material containing Confidential Information that is designated as "CONFIDENTIAL" by a Producing Party.

1.15 Receiving Party: a Party that receives Discovery Material from a Producing Party.

**2.  SCOPE**

The protections conferred by this Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party, or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**3.  DURATION**

This Protective Order shall continue to be binding after the conclusion of this proceeding, and all subsequent proceedings arising from this proceeding, except that a party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Protective Order, even after the proceeding is terminated.

Within ninety (90) days after the final termination of litigation between the Parties, or upon written request made within thirty (30) days after a dismissal, settlement, or other termination of the proceeding, the Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Protected Materials, and all copies thereof, in the possession of the Party, their attorneys, agents, experts, consultants, or any other person who has signed a Non-Disclosure Agreement in the form of Exhibit A (except that counsel for each party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), or (b) destroy in a secure manner such Protected Materials and all copies thereof.

### 4. DESIGNATING PROTECTED MATERIALS

4.1   The Designating Party shall have the right to designate as Confidential Information any document, testimony or information, or portion of any document, testimony or information that: (a) contains trade secrets, competitively-sensitive technical, marketing, financial, sales or other confidential business information; (b) contains private or confidential personal information; (c) contains information received in confidence from third parties; or (d) which the producing party otherwise believes in good faith to be entitled to protection.  Each party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies as Confidential Information.

The entry of this Order does not alter, waive, modify, or abridge any right, privilege, or protection or objection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert objections based on relevancy, materiality, the attorney-client privilege, the attorney work product doctrine, or any other privileges or state or federal privacy rights of the Party or Non-Parties, or any Party's right to contest any such assertion.

Any documents, testimony or information to be designated as Confidential

Information must be clearly so designated before the document, testimony or information is disclosed or produced. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a.    <u>Designating Confidential Documents</u>: For Discovery Material in the form of documents, the Designating Party must affix a legend stating "CONFIDENTIAL" on each page of any document containing such designated Confidential Information. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party shall affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection, and before the designation, all of the material made available for inspection shall be deemed Protected Material. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Confidential Information.

    b.    <u>Designating Confidential Testimony</u>: For Confidential Information contained in testimony given in depositions or in discovery-related hearings, the Designating Party may either:

    i.    identify on the record, before the close of the deposition, all confidential testimony by specifying all portions of the testimony that qualify as Confidential Information; or

ii. designate all confidential testimony, by specifying by page-and-line designations for portions of the testimony that qualify as Confidential Information within thirty (30) days following receipt of the deposition transcript, or at such other time mutually agreed upon by the parties.

In circumstances where portions of the deposition testimony are designated for protection, the transcript pages containing Confidential Information shall be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" as instructed by the Designating Party.

Until confidentiality designations are communicated to the Receiving Party, testimony in depositions or discovery-related court proceedings must be treated by the Receiving Party as Protected Material, and only used in accordance with the terms of this Protective Order regarding use and dissemination of Protected Material.

c. <u>Designating Tangible Items</u>: For tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the confidential portions.

d. <u>Mass Exhibits and Designations</u>: Mass, indiscriminate, or routinized designations are prohibited.

4.2 <u>Inadvertent Failure to Designate</u>: An inadvertent failure to designate Confidential Information does not waive a Party's right to designate such material as confidential under this Protective Order. Upon receiving notice from a Designating Party of an inadvertent failure to designate, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order, and must advise the Designating Party of any dissemination or communication of the information or items in question (including the name and contact information of any party who has received such information or items). Upon

receiving notice from a Designating Party of an inadvertent failure to designate, the Receiving Party must also contact such party within 48 hours after receiving notice to inform the party of the confidentiality designation, and the need to comply with the terms of this Protective Order.

## 5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

Any motion must proceed in full compliance with Local Rule 37.  Pending a resolution of the Designation Motion by the Court, any and all existing designations on the documents, testimony or information at issue in such Designation Motion shall remain in place.  The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its confidentiality designation.  In the event that the Receiving Party does not agree after the meet and confer to the designations challenged in the Designation Objections, and such designations are not thereafter timely raised by the Designating Party in a Designation Motion, then such documents, testimony or information shall be de-designated in accordance with the Designation Objection applicable to such material.

## 6. ACCESS TO AND USE OF PROTECTED MATERIAL

Access to and/or disclosure of Protected Material shall be permitted only to the following persons:

    a.    the Court and its officers and staff;

    b.    Outside Counsel of Record and House Counsel (including the paralegal, clerical and secretarial staff employed by such counsel).  Each non-lawyer given access to Protected Material shall be advised that such Protected Material is being disclosed pursuant to the terms of this Protective Order, and that such material may not be disclosed other than pursuant to its terms;

    c.    court reporters, recorders, and videographers in this proceeding (whether at depositions, hearings, or any other proceeding);

    d.    any deposition, trial or hearing witness in the proceeding who previously has had access to the Confidential Information.

   e. any deposition or non-trial hearing witness in the proceeding who previously did not have access to the Confidential Information, provided, however, that each such witness given access to Protected Material shall be advised that such Protected Material is being disclosed subject to the terms of this Protective Order; that they may not be disclosed other than pursuant to its terms; and that any such witness shall be given a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form of Exhibit A attached hereto;

   f. mock jury participants; provided, however, that prior to the disclosure of Protected Material to any such mock jury participant, counsel for the Party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Protective Order, and shall secure the signature of such person on a Non-Disclosure Agreement in the form of Exhibit A;

   g. experts or expert consultants retained and consulted by the Parties or their counsel in connection with this proceeding; provided, however, that prior to the disclosure of Protected Material to any such expert or expert consultant, counsel for the Party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a Non-Disclosure Agreement in the form of Exhibit A;

   h. the Jury, at the time of trial;

   i. any mediator mutually agreed to by the parties to assist in settlement discussions or appointed by the Court; provided, however, that prior to the disclosure of Protected Material to any such nonjudicial officer, the Parties shall deliver a copy of this Protective Order to such person, and shall secure the signature of such person on a Non-Disclosure Agreement in the form of Exhibit A;

   j. Graphics, translation, or design services retained by counsel of record in this proceeding, provided that an authorized representative of the services company has signed a Non-Disclosure Agreement in the form of Exhibit A, and who

confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this Protective Order and taken reasonable steps to comply thereto ;

  k. Commercial copy vendors retained by counsel of record in this action for purposes of this litigation; provided, however, that prior to the disclosure of Protected Material to any such vendors, counsel for the Party making the disclosure shall deliver a copy of this Protective Order to such vendors, shall explain that such vendors are bound to follow the terms of such Protective Order, and shall secure the signature of such person on a Non-Disclosure Agreement in the form of Exhibit A.  A signature by an authorized representative of the company who confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this Protective Order and taken reasonable steps to comply thereto shall be sufficient;

  l. any other person that the Designating Party agrees to in writing, and who is informed that he or she is bound by the terms of this Protective Order, and who signs a Non-Disclosure Agreement in the form of Exhibit A.

 Counsel for the party seeking to disclose Protected Material to any person pursuant to this Protective Order shall be responsible for retaining the executed originals or copies of all required Non-Disclosure Agreements.  Copies of any Non-Disclosure Agreements (except for those signed by non-testifying experts or outside consultants, and mock jury participants) shall be provided to counsel for the Designating Parties or Non-Parties upon the request of the Designating Parties or Non-Parties.

 If any Protected Material disclosed by a Designating Party under the terms of this Protective Order is disclosed by a Receiving Party to any person other than in the manner authorized by this Protective Order, the Receiving Party responsible for the disclosure shall bring all pertinent facts relating to the disclosure to the immediate attention of the Designating Party, and the Receiving Party then shall be responsible for retrieving such Protected Material immediately, and shall take whatever further

steps may be necessary under the circumstances to prevent further dissemination and/or use of such Protected Material (including requesting the unauthorized party who has received the Protected Material to sign a Non-Disclosure Agreement in the form of Exhibit A).

Any Party may ask the Court, after appropriate notice to the other Parties to the proceeding, to modify or grant relief from any provision of this Protective Order.

Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

   a.   operate as an admission by a Receiving Party that any particular document, testimony or information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

   b.   prejudice in any way the right of any Party:

      i.   to seek a determination by the Court of whether any particular documents, testimony or tangible things should be subject to protection as Confidential Information under the terms of this Protective Order;

      ii.   to seek relief from the Court on appropriate notice to all other parties to the proceeding from any provision(s) of this Protective Order, either generally or with respect to any particular documents, testimony or tangible things;

      iii.   to raise any objection regarding admissibility of particular documents, testimony or tangible things; or

      iv.   to petition the Court for a further protective order relating to any confidential information or material.

Any party to the proceeding who has not executed this Protective Order as of the time it is presented to the Court for signature may thereafter become a party to the Order by having its counsel's sign and date a copy thereof, filing the same with the Court, and serving copies of such signed and dated copy upon the other parties to this Protective Order.

Any documents, testimony or tangible things produced by a Non-Party during discovery which meets the definition of "Confidential Information" contained herein may be designated by such Non-Party as Protected Material under the terms of this Protective Order, and any such designation by a Non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned parties hereto.  Any such designation shall constitute consent by such producing Non-Party to the authority of the Court in this proceeding to resolve and conclusively determine any motion or other application made by any person or party with respect to such designation(s), or any other matter otherwise arising under this Protective Order.

Nothing in this Protective Order shall be construed to preclude any party from asserting that certain Confidential Information requires additional protection.  If a Designating Party asserts the need for additional protection, the parties shall meet and confer to agree upon the terms of such additional protection.

This Protective Order is entered into without prejudice to the right of any Designating Party to knowingly waive the applicability of this Protective Order to any Confidential Information designated by that party.

**7.   FILING PROTECTED MATERIAL**

Where any Protected Material is included in any filing in this proceeding (such as summaries of information, deposition testimony, expert materials, etc.), such filing shall be filed under seal in compliance with the requirements of the Court's local rules, including Local Rule 79-5.

The parties shall meet and confer regarding the procedures for use of Protected Material at trial, and shall move the Court for entry of an appropriate order.

Nothing in this Protective Order shall affect the admissibility into evidence of Protected Material, or abridge the rights of any party to seek judicial review, or to pursue other appropriate judicial action, with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

## 8. PROTECTED MATERIAL DEMANDED BY SUBPOENA, COURT ORDER OR OTHER LEGAL PROCESS

If Receiving Party subject to this Protective Order receives a subpoena, court order, or other legal process from any person, governmental entity, or other entity demanding production of Protected Material covered by this Protective Order, the recipient of such subpoena, court order or legal process shall immediately give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery, to Counsel of Record for the Designating Party, and shall furnish such counsel with a copy of the subpoena, court order, or legal process unless notice is prohibited by law. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the subpoena or legal process; seek a protective order preventing production; or otherwise oppose production of the Protected Material, and/or seek to obtain confidential treatment of such Protected Material from the person or entity seeking such Protected Material to the fullest extent available under law. The recipient of the subpoena, court order or legal process may not produce any documents, testimony or tangible things covered by this Protective Order pursuant to the subpoena, court order or legal process prior to the date specified for production on the subpoena, court order, or legal process. The recipient of the subpoena, court order or legal process must also notify within two days of receipt of the subpoena, court order or legal process in writing the party who caused the subpoena, court order or legal process to issue that some or all of the material covered by the subpoena, court order or legal process is subject to this Protective Order. Such notification shall include a copy of this Protective Order.

## 9. A NON-PARTY'S CONFIDENTIAL INFORMATION SOUGHT TO BE PRODUCED IN THIS LITIGATION

In the event that a Party is requested to produce a Non-Party's Confidential Information in its possession, then the Party shall:

(1) promptly notify in writing the requesting party and the Non-Party

(unless prohibited by law) that some or all of the information requested may be Protected Material;

    (2) promptly provide the Non-Party with a copy of this Protective Order, and the relevant discovery request(s); and

    (3) make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Party may produce the Non-Party's Confidential Information responsive to the discovery request.  If the Non-Party moves for a protective order within the time period the Party is required to produce the information, the Party shall not produce any information in its possession or control before a determination by the Court, and the Requesting Party shall abstain from filing a motion to compel such discovery before a determination by the Court of the Non-Party's motion for a protective order.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Confidential Information.

### 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must within two days (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 11. INADVERTENT DISCLOSURE OF PRIVILEGED MATERIALS

If material subject to a claim of privilege under the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege is inadvertently

produced, such production shall in no way prejudice or constitute a waiver of, or estoppel as to, any claim that the material is privileged or otherwise protected from disclosure in this case or in any other state or federal proceeding. If a Producing Party discovers that it has inadvertently produced material that is subject to a claim of privilege, that party may provide written notice to the Receiving Party that the material was inadvertently produced. Such notice shall be deemed to comply with the Producing Party's obligation to take reasonable steps to rectify inadvertent disclosure.

If there is notice of inadvertent production by the Producing Party, or if materials reasonably appear to the Receiving Party to be subject to claims of privilege, and appear to have been inadvertently produced, the Receiving Party shall refrain from reading the produced materials and shall promptly return to the Producing Party such material (and all copies thereof) within its possession, custody, or control. In addition, the Receiving Party shall destroy all notes or work product reflecting the contents of such material, and shall not use such material, or the information contained therein, for any purpose in this proceeding or in any other proceeding.

If the Receiving Party contests the legitimacy of a claim of privilege, such party must first consult in good faith with the Producing Party, and if such consultation does not resolve the dispute, the Receiving Party may seek a determination of the claim from the Court by making a motion under Local Rule 37 within thirty (30) days of receiving notice of the privilege claim, and presenting the information to the court under seal. Until the legitimacy of the claim of privilege is resolved, the Receiving Party shall preserve the information and keep it confidential. If the Court determines that the information is not protected from discovery by a privilege or immunity, but the information is nonetheless designated as Protected Material by the Producing Party, then the information and documents will be maintained as confidential under this Protective Order unless the Court orders otherwise.

12. **DATA PRIVACY AND SECURITY**

Protected Material must be stored and maintained by a Receiving Party at a location, and in a secure manner, that ensures that access is limited to the persons authorized under this Protective Order. Receiving Parties shall exercise the same care with regard to the storage, custody, or use of Protected Material as they would apply to their own material of the same or comparable confidentiality and sensitivity. Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse, unauthorized access, disclosure, alteration and destruction. Protected Material that is transmitted to persons allowed to have access under this Order shall be transmitted only on devices or media (e.g., laptop, tablet, USB drive) that are encrypted with access limited to persons entitled to access Protected Material under this Protective Order. Electronic delivery of Protected Material shall be by secure File Transfer Protocol, encrypted email, encrypted zip file or encrypted PDF, and addressed only to persons entitled to access Protected Materials under this Protective Order.

**13.  MISCELLANEOUS**

13.1  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.2  This Protective Order has no effect upon, and shall not apply to, Designating Parties' use of their own Confidential Information for any purpose.

13.3  If additional parties join this lawsuit, they must not be given access to Protected Materials unless they execute and file with the Court their written agreement to be bound by this Protective Order.

13.4  The parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Order, or in the event that the

Court enters a different Protective Order, the Parties agree to be bound by this Protective Order until such time as the Court may enter such a different Protective Order. It is the Parties' intent to be bound by the terms of this Protective Order pending its entry so as to allow for immediate production of Confidential Information under the terms herein.

## 14. VIOLATION OF THIS AGREEMENT

Any party who violates the terms of this Protective Order shall be liable for any damages caused to the Producing Party by such violation. In addition to money damages, a party whose rights under this Protective Order have been violated may pursue injunctive relief and/or sanctions from the Court.

**IT IS SO STIPULATED.**

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

DATED: January 18, 2023        LEWIS BRISBOIS BISGAARD & SMITH LLP

                               By:    /s/ V. Alan Arshansky
                                   V. ALAN ARSHANSKY
                                   Attorneys for Defendant INSTANT
                                   BRANDS, INC.

DATED: January 18, 2023        JOHNSON BECKER, PLLC

                               By:    /s/ Adam J. Kress
                                   ADAM J. KRESS
                                   Attorneys for Plaintiff



# ATTESTATION

All other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: January 18, 2023                LEWIS BRISBOIS BISGAARD & SMITH LLP


By: /s/ V. Alan Arshansky
V. Alan Arshansky
Attorneys for Defendant INSTANT BRANDS, INC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: January 20, 2023

The Honorable Jean P. Rosenbluth
United States Magistrate Judge

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____[DATE] in the case of Rosalina Drayton v. Instant Brands Inc., 2:22-cv-1409-DSF-JPR.  I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to monetary damages, sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January, 2023, I electronically filed the foregoing **STIPULATED PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Adam J. Kress<br>Kenneth W. Pearson<br>JOHNSON BECKER, PLLC<br>444 Cedar Street, Suite 1800<br>Saint Paul, MN 55101 | Attorney for Plaintiff, ROSALINA DRAYTON<br><br>Telephone: (612) 436-1908<br>Facsimile:  (612) 436-1801<br>Email: akress@johnsonbecker.com;<br>kpearson@johnsonbecker.com |
| Jordon R. Harlan<br>HARLAN LAW PC<br>2447 Pacific Coast Highway, 2nd Floor<br>Hermosa Beach, CA 90254 | Attorneys for Plaintiff, ROSALINA DRAYTON<br><br>Telephone: (619) 870-0802<br>Facsimile:  (619) 870-0815<br>Email: jordon@harlanpc.com |

    /s/ V. Alan Arshansky
V. Alan Arshansky
Attorneys for Defendant, INSTANT BRANDS, INC.